# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ZUGARA, INC.,<br>    *Plaintiff,*<br>v.<br>CISCO SYSTEMS, INC.,<br>    *Defendant.* | Civil Action No. 2:25-cv-00437<br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Zugara, Inc. ("Zugara" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Cisco Systems, Inc. ("Cisco" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patent (the "Asserted Patent") issued by the United States Patent and Trademark Office ("USPTO"):

| | Patent No. | Title | Available At |
|---|---|---|---|
| 1. | 10,200,654 | Systems and methods for real time manipulation and interaction with multiple dynamic and synchronized video streams in an augmented or multi-dimensional space | USPTO.gov, https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/10200654 |

2. Zugara seeks injunctive relief and monetary damages.

## PARTIES

3. Zugara is a corporation organized under the laws of the State of California, with its principal place of business at 13101 Washington Blvd. Suite 403, Los Angeles, California 90066

(Los Angeles County).

4. Based upon public information, Cisco is a corporation organized and existing under the laws of Delaware.

5. Based upon public information, Cisco maintains its principal place of business at 170 West Tasman Drive, San Jose, California, 95134.

6. Based upon public information Cisco may be served through its registered agent for service in the State of Texas, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Upon information and belief, Defendant engages in making, using, selling, offering for sale, importing, or otherwise providing, directly or indirectly, in the United States and in this State and District, products and services with features and functionalities that infringe the Asserted Patent.

## JURISDICTION AND VENUE

8. Zugara repeats and re-alleges the allegations in Paragraphs above as though fully set forth in their entirety.

9. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, 35 U.S.C. § 271, et seq.

10. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

11. This Court has personal jurisdiction over Cisco pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; (ii) regularly transacting, doing, and/or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

12. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in the State of Texas, including in this District, and in the United States, directly, through intermediaries and agents, by contributing to and inducing third parties to infringe, and offers its products or services, including those accused of infringement here, to customers and potential customers located in this state, including in this District, and in the United States.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Cisco has committed—and continues to commit—acts of infringement within this judicial district giving rise to this action and, upon information and belief, maintains regular and established places of business in this District including at 2260 Chelsea Blvd., Allen TX 75013; 2250 East President George Bush Highway, Building 5, Richardson TX 75082; 2300 East President George Bush Highway, Richardson, TX 75082; and Cisco Building RCDN-6, Renner Pkwy & W. Renner Rd., Richardson TX 75080.

14. Further, Defendant is registered with the Secretary of State to do business in the State of Texas and, upon information and belief, employs nearly 500 persons in the Eastern District of Texas with approximately 1900 persons in or near the Eastern District of Texas throughout the northern portion of the Dallas-Fort Worth Metroplex, including positions related to the Asserted Patent. Further, upon information and belief, at least some of the personnel it employs in this

District hold positions related to the Asserted Patent and/or Accused Products at Defendant's Richardson and/or Allen facilities.

15. Defendant has previously admitted and/or not challenged personal jurisdiction in this District. *See*, *e.g.*, *Mobility Workx, LLC v. Cisco Systems, Inc.*, No. 4:24-cv-00799-ALM, Dkt. 16 at ¶¶ 8-9 (E.D. Tex. Jan. 6, 2025); *Innovations In Memory, LLC*, No. 2:24-cv-00360, Dkt. 31 at ¶¶ 12-13 (E.D. Tex. Jul. 22, 2024).

## ZUGARA'S INNOVATIONS IN AUGMENTED REALITY

16. Zugara repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

17. Since its founding in 2001, Zugara has been a pioneer in the development of augmented reality ("AR") and computer vision software technology.

18. AR is a technology that enhances a user's real-world environment by overlaying interactive digital content—such as images, objects, or information—onto live video or physical surroundings, typically in real time and through devices such as smartphones, tablets, or AR glasses.

19. Zugara began as a digital marketing agency, delivering award-winning digital strategies for prominent brands such as Sony, Toyota, Reebok, Lexus, Casio, the U.S. Air Force, and Hasbro. In 2008, recognizing the transformative potential of augmented reality ("AR"), Zugara shifted its focus to developing AR and computer vision software aimed at solving user interaction and industry-specific challenges.

20. Since its shift to developing AR technology, Zugara has released a suite of groundbreaking AR solutions, including its patented Webcam Social Shopper (WSS) product, released in 2009. WSS, shown below, allows users to try on virtual garments in real-time using

standard webcams:





21.     In recognition of Zugara's novel and innovative inventions in the field of AR, the USPTO has granted Zugara several patents in the field of virtual try-on technology, including U.S. Patent Nos. 8,275,590, 9,183,581, and 10,482,517, which issued in 2012, 2015 and 2019, respectively (the "Virtual Try-On Patents").

---

[1] **Exhibit 1.** "Another blow to retailers: virtual dressing rooms," https://www.smh.com.au/technology/another-blow-to-retailers-virtual-dressing-rooms-20110809-1ijxa.html (last accessed April 24, 2025) (showing capabilities of Zugara's WSS product as applied by Zugara customers).

22.     Beyond virtual try-on applications, Zugara has developed diverse technological offerings for applications in education, healthcare, and enterprise collaboration such as gesture recognition engines, facial recognition systems, mobile AR applications utilizing geolocation, and AR video conferencing tools.

23.     Zugara's development of its innovative AR video conferencing technology culminated in the Asserted Patent, U.S. Patent No. 10,200,654 (the "'654 patent), which issued on February 9, 2019.  '654 patent at 1.

## THE ACCUSED PRODUCTS

24.     Zugara repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

25.     Based upon public information, Cisco owns, operates, advertises, and/or controls the website and domains www.cisco.com and www.webex.com, through which it advertises, sells, offers to sell, provides and/or educates customers about their products and services:



**Exhibit 2.**

26. Defendant has committed—and continues to commit—acts of infringement in this District by making, using, selling, offering for sale, and/or importing the Accused Products, including, but not limited to, the Webex Hologram, the Webex Hologram capture device, the Webex Cloud Services, and the Webex Hologram App.

27. Defendant also instructs its customers, agents, employees, and affiliates regarding how to use the Accused Products for infringing purposes.

28. Defendant distributes and sells the Accused Products to end-users via the Internet and via distribution partners, retailers, reseller partners, and solution partners. Those sales occur in the United States, and throughout Texas, including in this District.

29. For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of each of the Asserted Patents.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,200,654**

30. Zugara repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

31. The '654 patent was issued on February 5, 2019, after full and fair examination by the United States Patent Office of Application No. 13/778,430, which was filed February 27, 2013. *See* '654 patent at p.1.

32. Zugara owns all substantial rights, interest, and title in and to the '654 patent, including the sole and exclusive right to prosecute this action and enforce said patent against infringers and to collect damages for all relevant times.

33. The claims of the '654 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that allow a user to receive and multiplex video streams, extract and

manipulate virtual objects, and share those modifications across devices for real-time interaction.

34. The written description of the '654 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

35. Defendant has directly infringed and continue to directly infringe one or more claims of the '654 patent by making, using, selling, offering to sell, importing into the United States, providing, supplying, or distributing the Accused Products.

36. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 32 of the '654 patent.

37. For instance, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 32 of the '654 patent, as detailed in **Exhibit A** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 10,200,654).

38. As just one example, as detailed in Exhibit A, the Accused Products perform a method, comprising providing, using a video camera, a real-world video stream comprising video of a real-world 3D environment including a participant in a video chat or conference; receiving, from another participant in the video chat or conference, an augmented video stream comprising augmentation data representing one or more 3D virtual objects retrieved from a virtual object database; multiplexing the augmented video stream received from the other participant with the real-world video stream of the real-world 3D environment in real time to generate a multiplexed video stream comprising the video of the real-world 3D environment and the one or more 3D virtual objects represented by the augmentation data received from the other participant; extracting

at least one of the 3D virtual objects from the multiplexed video stream, based on an action of the participant, translating coordinates of the extracted virtual object in at least three dimensions within a multi-dimensional space of the multiplexed video stream, wherein the three dimensions of the multi-dimensional space are defined by the video of the real-world 3D environment; and causing a display device associated with the participant to display the multiplexed video stream comprising the video of the real-world 3D environment and the one or more 3D virtual objects, wherein both the participant and the other participant can translate the coordinates of the one or more 3D virtual objects within the three dimensions of the multi-dimensional space.

39. Defendant has had direct knowledge of Zugara and its patent portfolio, since at least early 2010 and direct knowledge of the '654 patent since at least March 22, 2019.

40. Defendant has also indirectly infringed and continues to indirectly infringe one or more claims of the '654 patent by inducing others to directly infringe said claims.

41. Defendant has induced end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '654 patent by providing or requiring use of the Accused Products.

42. Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '654 patent, including, for example, claim 32.

43. Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing

instructional and technical support to customers on their website on how to use the Accused Products in an infringing manner.

44. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '654 patent and with the knowledge that the induced acts constitute infringement.

45. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '654 patent.

46. Defendant's inducement is ongoing.

47. Defendant has also indirectly infringed and continue to indirectly infringe by contributing to the infringement of one or more claims of the '654 patent.

48. Defendant has contributed to the direct infringement of one or more claims of the '654 patent by their personnel, contractors, and customers.

49. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '654 patent, including, for example, claim 32.

50. The special features constitute a material part of the invention of one or more of the claims of the '654 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

51. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

52. Zugara or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '654 patent.

53. Zugara has been damaged as a result of the infringing conduct by Defendant alleged

above.  Thus, Defendant is liable to Zugara in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. Zugara has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Zugara has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '654 patent.  Defendant's actions have interfered with and will interfere with Zugara's ability to license technology.  The balance of hardships favors Zugara's ability to commercialize its own ideas and technology.  The public interest in allowing Zugara to enforce its right to exclude outweighs other public interests, which weighs in favor of injunctive relief.

## JURY DEMAND

55. Zugara hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

56. Zugara requests that the Court find in its favor and against Defendant, and that the Court grant Zugara the following relief:

   a. Judgment that one or more claims of each of the Asserted Patent has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

   b. A permanent injunction enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '654 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patents by such entities;

c. Judgment that Defendant account for and pay to Zugara all damages to and costs incurred by Zugara because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements be found willful as to the '654 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award Zugara its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g. All other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: April 25, 2025 | Respectfully submitted, |
| | By: */s/ James F. McDonough, III* |
| | James F. McDonough, III (GA 117088) *<br>**ROZIER HARDT MCDONOUGH, PLLC**<br>659 Auburn Avenue NE, Unit 254<br>Atlanta, Georgia 30312<br>Telephone: (404) 564-1866<br>Email: jim@rhmtrial.com |
| | C. Matthew Rozier (CO 46854) *<br>**ROZIER HARDT MCDONOUGH, PLLC**<br>1500 K Street, 2nd Floor<br>Washington, District of Columbia 20005<br>Telephone: (404) 779-5305; (202) 316-1591<br>Telephone: (708) 870-5803<br>Email: matt@rhmtrial.com<br>Email: kenneth@rhmtrial.com |
| | Jonathan L. Hardt (TX 24039906) *<br>**ROZIER HARDT MCDONOUGH, PLLC**<br>712 W. 14th Street, Suite A<br>Austin, Texas 78701<br>Telephone: (210) 289-7541<br>Email: hardt@rhmtrial.com |

*Attorneys for Plaintiff ZUGARA INC.*

\* Admitted to the Eastern District of Texas

### List of Exhibits

- **Exhibit 1:** "Another blow to retailers: virtual dressing rooms," https://www.smh.com.au/technology/another-blow-to-retailers-virtual-dressing-rooms-20110809-1ijxa.html  (last accessed April 15, 2025)
- **Exhibit 2:**  Website: Webex Hologram, www.webex.com/us/en/hologram.html
- **Exhibit A:**  Evidence of Use Regarding Infringement of U.S. Patent No. 10,200,654

### List of Attachments

- Civil Cover Sheet
- Proposed Summons